UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
THE VLADIMIR GUSINSKY REVOCABLE  :
TRUST, on Behalf of Itself, and All Others
Similarly Situated,                                              :
                                                      Civil Action
                     Plaintiff,                              :   No. 5:10-cv-00262-cr

      v.                                                           :

ROCK OF AGES CORPORATION, JAMES L.  :
FOX, RICHARD C. KIMBALL, DONALD
LABONTE, PAMELA G. SHEIFFER, KURT M.:
SWENSON, FREDERICK E. WEBSTER, JR.,
SWENSON GRANITE COMPANY, LLC, and  :
GRANITE ACQUISITION, LLC,
                                                       :
                   Defendants.
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**THE COMMITTEE DEFENDANTS'
MOTION TO CONSOLIDATE AND STAY PROCEEDINGS**

      NOW COME defendants James L. Fox, Pamela G. Sheiffer and Frederick E. Webster, Jr. (the "Committee Defendants"), by and through their attorneys, Dinse, Knapp & McAndrew, P.C., and move, pursuant to Fed. R. Civ. P. 42(a) and Local Rule 42(a)(2), to consolidate Semon v. Rock of Ages Corp., et al., No. 5:10-cv-00143-cr, with Vladimir Gusinsky Revocable Trust v. Rock of Ages Corp., et al., No. 5:10-cv-00262-cr, and to stay both actions until the cases are consolidated and a consolidated amended complaint is filed. Consolidation is warranted because the actions involve common questions of law and fact, and in these circumstances there is no potential for confusion or prejudice. A stay pending consolidation would be efficient and would reduce the prejudice to Defendants resulting from having to defend themselves against separate actions involving common questions of law and fact and essentially the same putative class.

## MEMORANDUM

Semon brought his putative class action on behalf of himself and Rock of Ages Corporation ("ROAC") shareholders shortly after ROAC announced that Swenson Granite Company, LLC ("Swenson Granite") had offered to purchase all outstanding ROAC stock. Gusinsky filed its putative class action on behalf of itself and ROAC shareholders soon after ROAC and Swenson Granite entered into a merger agreement (that remains subject to shareholder vote). Both cases hinge on allegations asserting that Defendants breached their fiduciary duties with respect to the proposed transaction. Because both actions involve common questions of law and fact and the efficiency of consolidation outweighs any potential confusion or prejudice, consolidation is proper. Moreover, in the interests of judicial efficiency and fairness to Defendants, a stay should be issued pending consolidation. This is particularly true given Gusinsky's recently filed motion for expedited discovery, the "forthcoming" motion for injunctive relief mentioned in that discovery motion, and Semon's recently filed motion to amend his complaint.[1]

## BACKGROUND

Semon was filed against Swenson Granite and ROAC and its directors and officers shortly after ROAC issued a press release on May 7, 2010 announcing Swenson Granite's unsolicited proposal to purchase all outstanding ROAC stock for $4.38 per share. (Semon Compl.[2] ¶ 2.) Among other things, Semon alleged that the mere receipt by ROAC of Swenson Granite's unsolicited offer was somehow a breach of fiduciary duty and that the $4.38

---

[1]   A motion similar to the instant motion is being filed concurrently in the Semon action.

[2]   "Semon Compl." refers to Semon's originally filed complaint (No. 5:10-cv-00143-cr, Docket 18).

price was somehow a "ceiling" that could not be topped. (Id. ¶¶ 1, 2, 37.) Semon rushed to file his class action complaint despite the fact that the unsolicited offer had not even been accepted, much less approved by shareholder vote. On June 21, 2010, Defendants each filed motions to dismiss the Semon Complaint in its entirety. (No. 5:10-cv-00143-cr, Docket Nos. 9, 10, 11, 12.) On June 23, 2010, Plaintiff moved to remand. (No. 5:10-cv-00143-cr, Docket No. 16.) Those motions were argued on September 13, 2010 and remain pending. On November 22, 2010, Semon moved to amend his complaint, alleging federal jurisdiction (and thus abandoning his pending motion to remand and mooting the pending motion to dismiss). (No. 5:10-cv-00143-cr, Docket No. 53.)

More than five months after Swenson Granite's original unsolicited offer and after an extensive process run by a special committee of independent directors, ROAC issued a press release on October 18, 2010 announcing that it has entered into a definitive merger agreement with Swenson Granite. (See Notice And Request For Status Conference (No. 5:10-cv-00143-cr, Docket No. 45).) The press release explained that, pursuant to the merger agreement and subject to a future shareholder vote, ROAC shareholders will receive $5.25 per share in cash -- which is $.87 per share (nearly 20%) more than the $4.38 sales price originally offered and challenged by Plaintiff in this action, and represents an 84% premium to the average closing price of ROAC Class A common stock for the twelve months prior to the original unsolicited offer -- and Swenson Granite will acquire 100% ownership of ROAC. (Id.) The Committee Defendants promptly filed a notice informing this Court of that announcement. (Id.)

The purported Gusinsky class action complaint (No. 5:10-cv-00262-cr, Docket No. 1) was filed the following week. That case was identified on the Civil Cover Sheet as related to the Semon action. (Id.) On November 19, 2010, Gusinsky amended its complaint.

3

(See No. 5:10-cv-00262-cr, Docket No. 4.)  The Gusinsky amended complaint ("Gusinsky Am. Compl.") is similar to the proposed Semon Amended Complaint ("Semon Am. Compl.") in numerous respects.  By way of example, both complaints:

- name most of the same defendants;

- are brought by a ROAC shareholder on behalf of a purported class of ROAC shareholders (compare Semon Am. Compl. ¶ 28 with Gusinsky Am. Compl. ¶ 1);

- allege that Defendants breached their fiduciary duties in connection with a proposed merger that will harm shareholders (compare Semon Am. Compl. ¶¶ 95-101 with Gusinsky Am. Compl. ¶¶ 3, 90-91);

- allege that Defendants will receive benefits not available to shareholders (compare Semon Am. Compl. ¶¶ 58-59, 64 with Gusinsky Am. Compl. ¶¶ 70, 90);

- allege that Defendants have failed to obtain the highest possible price for ROAC shares (compare Semon Am. Compl. ¶¶ 76-78 with Gusinsky Am. Compl. ¶¶ 88-90, 99-100);

- allege that because of Defendants' actions it is unlikely that a superior offer for ROAC will be made (compare Semon Am. Compl. ¶ 65 with Gusinsky Am. Compl. ¶¶ 79, 90); and

- seek an order certifying the proposed class, granting preliminary and permanent injunctive relief against the consummation of the merger, or, if the merger is consummated, rescinding the merger and/or awarding rescissory damages and ordering an accounting, and an award of costs and attorneys fees (compare Semon Am. Compl. "wherefore" clause with Gusinsky Am. Compl. "wherefore" clause).

On November 19, 2010, Gusinsky filed a motion for expedited discovery, which makes reference to a "forthcoming" motion for preliminary injunctive relief.  (See No. 5:10-cv-00262-cr, Docket No. 5, at 4.)

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."  Courts

have "broad discretion" to order consolidation. See, e.g., Gravel and Shea v. Vt. Nat'l Bank, 150 B.R. 889, 892 (D. Vt. 1993); Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990), cert. denied, 498 U.S. 920 (1990). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." Id. at 1285. Consolidation is also favored because it "prevents inconsistent results." Ajaka v. Branik Indus., Inc., Nos. 94 CIV. 0316 (DC), 94 CIV. 0137 (DC), 1996 WL 103973, at *2 (S.D.N.Y. Mar. 11, 1996). Consolidation is appropriate if the benefits of efficiency outweigh the risk of confusion or prejudice. Id.

## I. THE SIMILARITIES BETWEEN THE *SEMON* AND *GUSINSKY* ACTIONS WARRANT CONSOLIDATION

### A. The Complaints Share Numerous Common Factual And Legal Issues

Rule 42(a) requires that only a single "common question of law or fact" between cases exist for consolidation to be proper. See Fed. R. Civ. P. 42(a). Courts have accordingly found that "the facts and legal issues need not be identical to warrant consolidation." In re Olsten Corp. Sec. Litig., 3 F. Supp. 2d 286, 293 (E.D.N.Y. 1998) (granting motion to consolidate despite differences in theory of case and applicable class periods). See also Werner v. Satterlee, Stephens, Burke & Burke, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992).

In Werner, the consolidation of two securities cases was challenged on the basis that the cases (i) concerned only a single common cause of action, (ii) concerned the alleged wrongdoing of different actors with respect to different transactions, and (iii) were at different stages in the litigation. Id. at 1210. The court found that because the two complaints were "based on the same 'public statements and reports'" and alleged misleading statements therein, the "numerous areas where the facts of the two cases overlap" warranted consolidation. Id. at 1211.

Here, there is far more overlap with respect to questions of law and fact than in Werner, and the factors favoring consolidation are even more compelling. The questions of law are nearly identical: Semon and Gusinsky both purport to allege breach of fiduciary duty based on the proposed transaction. (Compare Semon Am. Compl. ¶¶ 95-101 with Gusinsky Am. Compl. ¶¶ 88-102, 99-100.) See also In re Delphi ERISA Litig., 230 F.R.D. 496, 498 (E.D. Mich. 2005) (granting motion to consolidate where "each of the pending actions alleges that the same or similar Defendants breached their fiduciary duties . . . ."). Likewise, the questions of fact are also very similar: both cases allege similar wrongdoing by most of the same individual defendants (the only exception being that the Gusinsky action does not name two of the individual defendants in the Semon action) with respect to their participation in the proposed plan to merge ROAC and Swenson Granite. (Compare Semon Am. Compl. ¶¶ 98-99 with Gusinsky Am. Compl. ¶¶ 88-90.)

The considerable similarities between Semon and Gusinsky warrant consolidation. See Werner, 797 F. Supp. at 1211.

### B. The Efficiency Of Consolidation Outweighs Any Potential Confusion Or Prejudice

In light of the significant legal and factual overlap between Semon and Gusinsky, consolidation would result in much greater efficiency than if the cases remain separate. Among other things, the similarities between the claims asserted means that "similar proof will be offered in the [related] cases on the issue of liability." Ajaka, 1996 WL 103973, at *3. Consolidation would also help eliminate "the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." Id.

at *2 (citing Johnson, 899 F.2d at 1285).  Indeed, the prejudice to Defendants that would result from their having to defend themselves against two competing purported class actions instead of one far outweighs any risk to Semon or Gusinsky warranting denial of consolidation, such as "possible confusion" or that any party would not "get a fair trial."  See Werner, 797 F. Supp. at 1212 ("Consolidation does not deprive a party of rights or defenses it had before consolidation.").

## II.  A STAY PENDING CONSOLIDATION WOULD PROMOTE EFFICIENCY AND WOULD REDUCE THE PREJUDICE TO DEFENDANTS OF DUPLICATIVE ACTIONS

It is well established that this Court has the authority to enter a stay as part of its inherent power to control the disposition of cases on its docket in the interest of judicial economy. See, e.g., Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).  Here, a stay would limit the burdens to this Court and Defendants that would inherently result from parallel actions proceeding concurrently.  Defendants should not be compelled to defend themselves on two fronts against actions concerning the same transactions and parties.  Now that Gusinsky has filed a motion for expedited discovery and has indicated that it will file a motion for preliminary injunctive relief, a stay is particularly warranted to avoid expensive, duplicative litigation and potentially inconsistent rulings.

## CONCLUSION

The Semon and Gusinsky actions should be consolidated, and both cases should be stayed pending such consolidation and the filing of a consolidated amended complaint.

## LOCAL RULE 7(a)(7) CERTIFICATION

The undersigned counsel hereby certifies that counsel for the Committee Defendants conferred with plaintiff's counsel in the Semon action with respect to this motion, and that Semon's counsel indicated that Semon may be amenable to consolidation after he files an amended complaint; however, Defendants believe consolidation is appropriate now and that a

stay should be issued pending consolidation, particularly given Gusinsky's motion for expedited discovery and indication that a motion for injunctive relief is forthcoming. The undersigned counsel also certifies that counsel for the Committee Defendants notified plaintiff's counsel in the <u>Gusinsky</u> action that they intended to file the instant motion, and that Gusinsky's counsel did not assent.

| | |
|---|---|
| Dated:  November 23, 2010<br>         Burlington, Vermont | Respectfully submitted,<br><br>/s/  Samuel Hoar, Jr.                         |
| James R. Carroll<br>     (pro hac vice motion to be filed)<br>Nicholas I. Leitzes<br>     (pro hac vice motion to be filed)<br>SKADDEN, ARPS, SLATE,<br>     MEAGHER & FLOM LLP<br>One Beacon Street<br>Boston, Massachusetts  02108<br>(617) 573-4800<br>jcarroll@skadden.com<br>nleitzes@skadden.com | Samuel Hoar, Jr.<br>DINSE, KNAPP AND<br>     MCANDREW, P.C.<br>P.O. Box 988<br>209 Battery Street<br>Burlington, Vermont 05402-0988<br>(802) 864-5751<br>shoar@dinse.com<br><br>Counsel for Defendants James L. Fox, Pamela G. Sheiffer and Frederick E. Webster, Jr. |

## **CERTIFICATE OF SERVICE**

   I hereby certify that the foregoing document has been filed electronically and is available for viewing and downloading from the ECF system.  I further certify that the following counsel of record will be served by the ECF system:

         Potter Stewart, Jr.
         POTTER STEWART JR. LAW
          OFFICES, P.C.
         The Merchants Bank Building
         205 Main Street, Suite 8
         Brattleboro, VT 0530 I
         (802) 257-7244
         pstewart@potterstewartlaw.com

         Counsel for Plaintiff

   I further certify that on November 23, 2010, I caused a copy of the foregoing document to be served on the following counsel of record by first class mail, postage prepaid:

2

| | |
|---|---|
| James W. Spink<br>Mary N. Peterson<br>SPINK & MILLER, PLC<br>One Lawson Lane<br>Burlington, VT 05401<br>(802) 864-1100<br>jspink@spinkmiller.com<br>mpeterson@spinkmiller.com | Walter E. Judge Jr.<br>DOWNS, RACHLIN &<br>    MARTIN, PLLC<br>Courthouse Plaza<br>199 Main Street<br>P.O. Box 190<br>Burlington, VT 05402-0190<br>(802) 863-2375<br>wjudge@drm.com |
| Wilbur A. Glahn III<br>MCLANE, GRAF, RAULERSON &<br>    MIDDLETON, P.A.<br>900 Elm Street<br>P.O. Box 326<br>Manchester, NH 03105<br>(603) 625-6464<br>bill.glahn@mclane.com | Counsel for Defendants<br>Kurt Swenson, Donald LaBonte,<br>Richard Kimball, and Charles Waite |
| Counsel for Defendants<br>Rock of Ages Corporation and Laura Plude | Seth D. Rigrodsky<br>RIGRODSKY & LONG, P.A.<br>919 N. Market Street, Suite 980<br>Wilmington, DE 19801<br>(302) 295-5310<br>sdr@rigrodskylong.com |
| Sean M. Gorman<br>Edward A. Haffer<br>SHEEHAN, PHINNEY,<br>    BASS + GREEN, P.A.<br>1000 Elm Street, 17th Floor<br>Manchester, NH 03101<br>(603) 668-0300<br>sgorman@sheehan.com<br>ehaffer@sheehan.com | Richard A. Maniskas<br>RYAN & MANISKAS, LLP<br>995 Old Eagle School Rd., Suite 311<br>Wayne, PA 19087<br>(484) 588-5516<br>rmaniskas@rmclasslaw.com<br><br>Counsel for Plaintiff |
| Counsel for Defendant<br>Swenson Granite Company, LLC | |

Dated: November 23, 2010  /s/ Samuel Hoar, Jr.
                                                          Samuel Hoar, Jr.