UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

---------------------------------- x
TODD SEMON, on behalf of himself, and all : 
others similarly situated,
                                              :
                          Plaintiff,          : Civil Action
                                              : No. 5:10-cv-00143-cr
        v.                                    :
                                              :
ROCK OF AGES CORPORATION,                     :
SWENSON GRANITE COMPANY, LLC,                 : **ORAL ARGUMENT**
KURT M. SWENSON, JAMES L. FOX,                : **REQUESTED**
RICHARD C. KIMBALL, DONALD                    :
LABONTE, LAURA A. PLUDE, PAMELA G.            :
SHEIFFER, CHARLES M. WAITE, and               :
FREDERICK E. WEBSTER, JR.,                    :
                                              :
                          Defendants.         :
                                              :
---------------------------------- x
THE VLADIMIR GUSINSKY REVOCABLE               :
TRUST, on Behalf of Itself, and All Others    :
Similarly Situated,                           :
                                              :
                          Plaintiff,          : Civil Action
                                              : No. 5:10-cv-00262-cr
        v.                                    :
                                              :
ROCK OF AGES CORPORATION, JAMES L.            :
FOX, RICHARD C. KIMBALL, DONALD               :
LABONTE, PAMELA G. SHEIFFER, KURT M.          :
SWENSON, FREDERICK E. WEBSTER, JR.,           :
SWENSON GRANITE COMPANY, LLC, and             :
GRANITE ACQUISITION, LLC,                     :
                                              :
                          Defendants.         :
                                              :
---------------------------------- x

**THE COMMITTEE DEFENDANTS'
(i) REPLY IN FURTHER SUPPORT OF THEIR MOTIONS TO
CONSOLIDATE AND STAY PROCEEDINGS, AND (ii) OPPOSITION
TO SEMON'S CROSS-MOTION TO BE APPOINTED LEAD PLAINTIFF
AND FOR HIS COUNSEL TO BE APPOINTED LEAD PLAINTIFF COUNSEL**

NOW COME defendants James L. Fox, Pamela G. Sheiffer and Frederick E. Webster, Jr. (the "Committee Defendants"), by and through their attorneys, Dinse, Knapp & McAndrew, P.C., and reply in further support of their motions to consolidate <u>Semon v. Rock of Ages Corp., et al.</u>, No. 5:10-cv-00143-cr (see Docket No. 54), with <u>Vladimir Gusinsky Revocable Trust v. Rock of Ages Corp., et al.</u>, No. 5:10-cv-00262-cr (see Docket No. 8), and to stay both actions pending consolidation.  As grounds for this motion, the Committee Defendants state that the actions are nearly identical, and that a stay would ease the burden on Defendants and on the Court and reduce the possibility of prejudice to Defendants.  The Committee Defendants also oppose the cross-motion ("Cross-Motion") of plaintiff Todd Semon ("Semon") to be appointed lead plaintiff and for his counsel to be appointed lead plaintiff counsel (No. 5:10-cv-00143-cr, Docket No. 58 and No. 5:10-cv-00262-cr, Docket Nos. 46 and 47) on the grounds that this action, like the <u>Gusinsky</u> action, is meritless, and as such, no lead counsel should be appointed.[1]

## MEMORANDUM

Semon and plaintiff The Vladimir Gusinsky Revocable Trust ("Gusinsky") (together, "Plaintiffs") both challenge the merger agreement (the "Merger Agreement") among Rock of Ages Corporation ("ROAC"), Swenson Granite Company, LLC ("Swenson Granite") and a newly formed limited liability company wholly owned by Swenson Granite whereby, subject to shareholder approval, Swenson Granite will acquire ROAC at a price per share of ROAC stock of $5.25.  Both allege that Defendants breached their fiduciary duties with respect to the proposed transaction, including duties of disclosure, notwithstanding that there was no

---

[1] The Committee Defendants have also opposed Gusinsky's motion to be named lead plaintiff.  (See No. 5:10-cv-00262-cr, Docket No. 51.)

proxy statement when they filed their claims, and notwithstanding that if shareholders vote to approve the deal, they will receive for their shares of ROAC stock an 84% premium to the average closing price for the 12 months prior to the May 7, 2010 announcement of Swenson Granite's original offer.

As explained in the Committee Defendants' pending motion to dismiss ("Motion to Dismiss") Gusinsky's amended complaint ("Gusinsky FAC") (No. 5:10-cv-00262-cr, Docket No. 35) and opposition to Semon's motion to amend his complaint (No. 5:10-cv-00143-cr, Docket No. 60), these actions are meritless.  For that reason, Semon's Cross-Motion should be denied and no lead counsel should be appointed.

To the extent these actions are to move forward, they should do so as a consolidated action.  (Plaintiffs agree.)  The Court should stay these proceedings so that further time and expense is not wasted, and discovery should not go forward unless and until both a consolidated amended complaint is filed and it passes muster under Fed. R. Civ. P. 12(b).

## ARGUMENT

### I. SEMON'S CROSS-MOTION TO BE NAMED LEAD PLAINTIFF AND FOR HIS COUNSEL TO BE NAMED LEAD PLAINTIFF COUNSEL SHOULD BE DENIED

#### A. This Court Need Not Burden Itself With These "Frequent Flier" Lawsuits

The Delaware Court of Chancery -- where many shareholder suits like this one are brought -- has experienced "with increasing frequency" "the sometimes unseemly internecine struggles within the plaintiffs' bar" over which firm will be appointed lead plaintiff counsel. TCW Tech. Ltd. P'ship v. Intermedia Commc'ns, Inc., Nos. 18336, 18289, 18293, 2000 WL

1654504, at *3 (Del. Ch. Oct. 17, 2000).[2] As one court explained, that struggle often starts, as here, with the proverbial "race to the courthouse" after a proposed merger is announced:

> Too often judges of this Court face complaints filed hastily, minutes or hours after a transaction is announced, based on snippets from the print or electronic media. Such pleadings are remarkable, but only because of the speed with which they are filed in reaction to an announced transaction.

Id.

In re Revlon, Inc. S'holders Litig., a recent decision concerning a struggle for primacy between plaintiff counsel, addressed this phenomenon squarely. 990 A.2d 940 (Del. Ch. 2010). The case involved a motion to replace co-lead counsel -- which were the same counsel that respectively represent the plaintiffs in the Semon and Gusinsky actions (apparently at a time when they were working together more cooperatively). The court noted that in the weeks following the announcement of a merger agreement, duplicative actions challenging the merger were brought by "frequent fliers" (i.e., "familiar repeat players who regularly bring representative actions on behalf of stockholders with small ownership stakes"), including Plaintiffs' counsel herein. Id. at 943-44. The court found that the co-lead counsel "did nothing" because they "seemingly recognized that they filed their complaints prematurely and that the consolidated case was subject to a motion to dismiss." Id. at 956. Because the co-lead counsel

---

[2] While Vermont law governs the state-law claims alleged herein, Vermont courts sometimes look to the law of other jurisdictions when Vermont law does not fully address a particular subject; Vermont courts have looked to Delaware precedent -- which has on multiple occasions addressed the very issues in dispute here -- in cases involving corporate law and breach of fiduciary duty. See, e.g., Bovee v. Lyndonville Sav. Bank & Trust Co., 174 Vt. 507, 508 (2002) (citing Delaware case law in setting forth "general principles governing shareholder suits"); Ascension Tech. Corp. v. McDonald Invs., Inc., 327 F. Supp. 2d 271, 276 (D. Vt. 2003) (Sessions, C.J.) (considering the law of other jurisdictions, including Delaware, in determining whether "brokers owe their clients fiduciary duties" under Vermont law); Racine v. Am. Int'l Adjustment Co., 980 F. Supp. 745, 746-47 (D. Vt. 1997) (considering the law of other jurisdictions, including Delaware, in determining whether insurer owed insured "duty of good faith and fair dealing" under Vermont law).

had "not provided adequate representation" the court stripped them of their "lead" positions. Id. 961, 964.

Revlon is instructive in that it shows that the instant type of action often does not have the best interests of shareholders at heart. This Court need not allow these cases to go forward.

### B. Semon Fails To Satisfy The Criteria For Appointment As Lead Plaintiff Or Lead Plaintiff Counsel

In determining whether a plaintiff and its counsel may adequately represent a putative class of shareholders, courts have assessed the "quality of the pleading" filed by that counsel and the "enthusiasm or vigor" with which the plaintiff and its counsel have prosecuted the lawsuit. In re Revlon, 990 A.2d at 955 (citations omitted); see also TCW Tech. Ltd. P'Ship, 2000 WL 1654505, at *4. Based on these factors, Semon's Cross-Motion should be denied.

Semon's operative complaint (No. 5:10-cv-00143-cr, Docket No. 18) -- originally filed in Vermont Superior Court -- is stale; Semon has conceded as much by filing a motion to amend that now asserts federal jurisdiction (see No. 5:10-cv-00143-cr, Docket No. 53-1 at ¶ 26), after having previously tried to avoid the scrutiny of federal law. It was also premature, having been filed five months before the Merger Agreement between ROAC and Swenson Granite was signed, and seven months before a definitive proxy statement was issued. Indeed, in the time since Semon's original filing, Swenson Granite's offer to ROAC went up almost 20%, from $4.38 per share to $5.25 per share due to the independent process run by ROAC's special committee of independent directors (the "Special Committee") and effective negotiations by the Special Committee and its advisors with Swenson Granite.

As set forth in the Committee Defendants' opposition to Semon's motion to amend (No. 5:10-cv-00143-cr, Docket No. 60), Semon's proposed amended complaint lacks merit.

4

Semon's proposed amended complaint shares nearly identical allegations with the Gusinsky FAC, and also seeks the same relief.  (See Committee Defendants' Motion to Consolidate And Stay (No. 5:10-cv-00143-cr, Docket No. 54 at 4).)  Semon's proposed amended complaint also shares the same deficiencies as the Gusinsky FAC and fails for the reasons set forth in the Gusinsky Motion to Dismiss.  Those reasons, briefly, are as follows:

**First,** Semon's proposed amended complaint is predicated on disclosures made in a preliminary proxy statement that was subject to SEC review before it was finalized and sent to shareholders.  Indeed, in the time since Semon moved to amend his complaint, that preliminary proxy statement was revised and re-filed twice, and a definitive proxy statement was subsequently filed on December 16, 2010.  (See http://www.sec.gov/Archives/edgar/data/84581/ 000095012310114221/b83164dfdefm14a.htm.)  Among other things, the definitive proxy statement includes detailed disclosures providing ROAC shareholders with much of the very information that the Plaintiffs allege is omitted in violation of disclosure duties.  (See id. at 62-66.)  Moreover, ROAC's amended Schedule 13E-3, filed publicly with the SEC on December 16, 2010 (see http://www.sec.gov/Archives/edgar/data/84581/000095012310114223/ b83625bsc13e3za.htm) and referenced at page 44 of the definitive proxy statement, sets forth even further detail on the sale process and the efforts of the Special Committee and its financial advisor to find competing bidders.

**Second,** Semon's proposed amended complaint otherwise fails to state a claim:  (i) the "unfair price" allegations fall flat in light of the 84% premium, and also do not state facts showing that Defendants failed to secure the best value reasonably available as a result of gross negligence, bad faith, or other disloyal conduct; (ii) courts have repeatedly rejected criticisms of deal-protection provisions far more restrictive than those at issue here; (iii) the alleged "material"

5

nondisclosures are for the most part disclosed, or if not, are immaterial and nonactionable; and (iv) any purported "self-interest" by Defendants is negated by full disclosure, the independent approval for the proposed merger required of the Special Committee, and the requirement that the shareholder vote on the proposed merger be approved by a "majority of the minority," i.e., "a majority of the outstanding shares of [ROAC] Class A common stock, not including . . . shares of Class A common stock owned . . . by members of Parent [i.e., Swenson Granite]." (Preliminary Proxy at 2, 73 (No. 5:10-cv-00262-cr, Docket No. 25-2) (emphasis added).)

The "quality of [Semon's] pleading" is plainly insufficient to represent ROAC shareholders, and Semon's Cross-Motion should be denied on that basis alone. In re Revlon, 990 A.2d at 955. Moreover, because Semon's proposed amended complaint fails to state a claim, it cannot be said that this action is being prosecuted "vigorously" -- or that this action should be prosecuted at all.[3]

---

[3]   Semon asserts that "Gusinsky is unlikely to be able to pursue the action as vigorously" as Semon because Gusinsky is a plaintiff in at least eight other lawsuits. (No. 5:10-cv-00143-cr, Docket No. at 58-1 at 11-13.) (Defendants have determined that there may be at least five other lawsuits recently brought by Gusinsky.) Semon also asserts that neither he nor his proposed co-plaintiff Meister "is presently involved in any other stockholder case." (Id. at 11.) However, our research has uncovered at least eight lawsuits in which Semon was a plaintiff, six of which as a named plaintiff in a class action. See, e.g., (i) In re: Franklin Bank Corp. Sec. Litig., No. 4:08-cv-01810 (S.D. Tex., filed June 6, 2008); (ii) Semon v. LaBranch & Co., Civ. A. 1:03-cv-08255-RWS (S.D.N.Y., filed Oct. 17, 2003) (later consolidated with Sofran v. LaBranche & Co., Civ. A. 1:03-cv-08201-RWS (S.D.N.Y.)); (iii) In re: Martha Stewart Sec., Civ. A. 1:02-cv-06273-JES (S.D.N.Y., filed Aug. 6, 2002); (iv) Semon v. Cosi, Inc., Civ. A. 1:03-cv-00864-JGK (S.D.N.Y., filed Feb. 6, 2003) (later consolidated with Mohnot v. Cosi, Inc., Civ. A. 1:03-cv-00812-JGK (S.D.N.Y.)); (v) Schnipper v. Mercedes Benz USA, Civ. A. L-006710-00 (N.J. Superior Ct., filed Aug. 3, 2003); (vi) Semon v. Ledecky, Civ. A. 1:98-cv-02731-RMU (D.D.C., Nov. 6, 1998) (later consolidated with In re Office Prods. Sec. Litig., Civ. A. 1:99-mc-00137 (D.D.C.)); (vii) Semon v. AT&T Corp., Civ. A. L-009497-97 (N.J. Superior Ct., filed Oct. 9, 1997); (viii) Semon v. Direct TV, Inc., Civ. A L-008486-97 (N.J. Superior Ct., filed Sept. 8, 1997).

## II.   IF THESE CASES ARE TO MOVE FORWARD, CONSOLIDATION IS APPROPRIATE -- A POINT PLAINTIFFS DO NOT DISPUTE

The Semon and Gusinsky actions are meritless and should be dismissed. However, as set forth in the Committee Defendants' moving brief, this case and Gusinsky are materially identical (see No. 5:10-cv-00143-cr, Docket No. 54 at 4), and as such, if both cases are to proceed, consolidation is warranted.  See also Fed. R. Civ. P. 42(a); Gravel and Shea v. Vt. Nat'l Bank, 150 B.R. 889, 892 (D. Vt. 1993) (courts have "broad discretion" to order consolidation); Werner v. Satterlee, Stephens, Burke & Burke, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992) (because the two complaints at issue were "based on the same 'public statements and reports'" and alleged misleading statements therein, the "numerous areas where the facts of the two cases overlap" warranted consolidation).

Plaintiffs agree that their cases are substantially similar and should be consolidated if they proceed.  Indeed, they have both moved this Court to be appointed lead plaintiff and for their respective counsel to be appointed lead plaintiff counsel in a consolidated action.

## III.   A STAY WOULD EASE THE BURDEN ON THE COURT AND REDUCE PREJUDICE TO DEFENDANTS

There is no valid justification for burdening this Court and Defendants with two substantially identical actions proceeding concurrently.  Also, in light of the potentially dispositive issues raised in Defendants' Motion to Dismiss the Gusinsky FAC and opposition to Semon's motion to amend, a stay while the Court decides those issues would reduce potentially unnecessary burdens on the Court and Defendants.  See, e.g., Black Diamond Sportswear, Ltd. v. Black Diamond Equip., Inc., 2004 U.S. Dist. LEXIS 1328, at *3, No. 1:03-cv-278 (D. Vt. Feb. 2, 2004) ("[I]t is common for district courts to stay discovery when resolution of a preliminary matter may dispose of the entire case.") (Murtha, J.); Am. Booksellers Ass'n v. Houghton Mifflin

7

Co., 94 CIV. 8566 (JFK), 1995 WL 72376, at *1 (S.D.N.Y. 1995) (staying discovery pending ruling on motion to dismiss).[4]

Gusinsky did not oppose (or otherwise file a response to) the Committee Defendants' Motion To Consolidate And Stay, and the time to do so has expired. Semon argues that "given the urgency in which this litigation must proceed" (No. 5:10-cv-00143-cr, Docket No. 58-1 at 14), a stay should be denied. Yet despite this "urgency" and despite acknowledging that the similarities in these cases warrant consolidation, Semon moved to file his own amended complaint, and filed a motion for expedited discovery after Gusinsky moved for the same relief.

In order to prevent further duplicative -- and if the cases are dismissed, wholly unnecessary -- burden on the Court and Defendants, this Court should stay these actions until it decides whether they should proceed at all. If the Court determines that the cases should both proceed, then the stay should continue until after a consolidated amended complaint is filed.

---

[4] See also Johnson v. New York Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (same); Anti-Monopoly, Inc. v. Hasbro, Inc., No. 94 Civ. 2120 (LMM) (AJP), 1996 WL 101277, at *5 (S.D.N.Y. Mar. 7, 1996) (same); Spencer Trask Software and Info. Servs., LLC v. RPost Int'l Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002) ("'A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue.'") (citation omitted).

**CONCLUSION**

The Semon and Gusinsky actions should be stayed pending the Court's determination whether the cases should go forward (if at all) as a consolidated action, and if so, after the filing of a consolidated amended complaint.  Further, Semon's cross-motion to be named lead plaintiff and for his counsel to be named lead plaintiff counsel should be denied.

| | |
|---|---|
| Dated:   December 23, 2010<br>            Burlington, Vermont | Respectfully submitted,<br><br>/s/  Samuel Hoar, Jr. |
| James R. Carroll<br>Nicholas I. Leitzes[5]<br>SKADDEN, ARPS, SLATE,<br>    MEAGHER & FLOM LLP<br>One Beacon Street<br>Boston, Massachusetts  02108<br>(617) 573-4800<br>jcarroll@skadden.com<br>nleitzes@skadden.com | Samuel Hoar, Jr.<br>DINSE, KNAPP AND<br>    MCANDREW, P.C.<br>P.O. Box 988<br>209 Battery Street<br>Burlington, Vermont 05402-0988<br>(802) 864-5751<br>shoar@dinse.com<br><br>Counsel for Defendants James L. Fox, Pamela G. Sheiffer and Frederick E. Webster, Jr. |

---

[5]  Attorneys Carroll and Leitzes are admitted pro hac vice in the Semon action and have a pro hac vice motion pending in the Gusinsky action.

9

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been filed electronically and is available for viewing and downloading from the ECF system. I further certify that the following counsel of record will be served by the ECF system:

James W. Spink
Mary N. Peterson
SPINK & MILLER, PLC
One Lawson Lane
Burlington, VT 05401
(802) 864-1100
jspink@spinkmiller.com
mpeterson@spinkmiller.com

Wilbur A. Glahn III (admitted pro hac vice)
MCLANE, GRAF, RAULERSON &
    MIDDLETON, P.A.
900 Elm Street
P.O. Box 326
Manchester, NH  03105
(603) 625-6464
bill.glahn@mclane.com

Counsel for Defendants
Rock of Ages Corporation and Laura Plude

Walter E. Judge Jr.
DOWNS, RACHLIN &
    MARTIN, PLLC
Courthouse Plaza
199 Main Street
P.O. Box 190
Burlington, VT 05402-0190
(802) 863-2375
wjudge@drm.com

Counsel for Defendants
Kurt Swenson, Donald LaBonte,
Richard Kimball, and Charles Waite

Sean M. Gorman
Edward A. Haffer (admitted pro hac vice)
SHEEHAN, PHINNEY,
    BASS + GREEN, P.A.
1000 Elm Street, 17th Floor
Manchester, NH 03101
(603) 668-0300
sgorman@sheehan.com
ehaffer@sheehan.com

Counsel for Defendants
Swenson Granite Company, LLC and
Granite Acquisition, LLC

2

| | |
|---|---|
| Daniel P. Richardson<br>TARRANT, GILLES, MERRIMAN &<br>    RICHARDSON<br>44 East State Street<br>P.O. Box 1440<br>Montpelier, VT 05601-1440<br>(802) 223-1112<br>drichardson@tgrvt.com | Potter Stewart, Jr.<br>POTTER STEWART JR. LAW<br>    OFFICES, P.C.<br>The Merchants Bank Building<br>205 Main Street, Suite 8<br>Brattleboro, VT 0530 I<br>(802) 257-7244<br>pstewart@potterstewartlaw.com |
| Chet B. Waldman (admitted pro hac vice)<br>WOLF POPPER LLP<br>845 Third Avenue<br>New York, NY 10022<br>(212) 759-4600<br>cwaldman@wolfpopper.com | Counsel for Plaintiff The Vladimir<br>Gusinsky Revocable Trust |
| Counsel for Plaintiff Todd Semon | |

I further certify that on December 23, 2010, I caused a copy of the foregoing document to be served on the following counsel of record by first class mail, postage prepaid:

| | |
|---|---|
| Karyl R. Martin (admitted pro hac vice)<br>Robert Lucic (admitted pro hac vice)<br>SHEEHAN, PHINNEY,<br>    BASS + GREEN, P.A.<br>1000 Elm Street, 17th Floor<br>Manchester, NH 03101<br>(603) 668-0300<br>kmartin@sheehan.com | Brian D. Long, Esq. (pro hac vice motion pending)<br>RIGRODSKY & LONG, P.A.<br>919 North Market Street, Suite 980<br>Wilmington, DE 19801<br>(302) 295-5310<br>bdl@rigrodskylong.com |
| Counsel for Defendants<br>Swenson Granite Company, LLC<br>and Granite Acquisition, LLC | Counsel for Plaintiff The Vladimir<br>Gusinsky Revocable Trust |

Dated: December 23, 2010                                                      /s/ Samuel Hoar, Jr.
                                                                                             Samuel Hoar, Jr.